IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.  4:18cr57-MW

JOSEPH SIDES

_____/

GOVERNMENT'S RESPONSE IN OPPPOSITION TO DEFENDANT'S
MOTION TO TERMINATE PROBATION

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and in compliance with the Federal Rules of Criminal Procedure, provides the following Response in Opposition to the Defendant's Motion to Terminate Probation, as follows:

1. The defendant has filed a second Motion to Terminate Probation. (D.E. 60.)  The defendant requests early termination of his term of probation based on 18 U.S.C. § 3564(c).

2. On April 1, 2019, the defendant plead guilty to count one of the indictment charging him with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 1349. (D.E. 27, 29.)  On August 6, 2019, the defendant was sentenced to 5 years probation with a $7500 fine, 400 hours of community service, and restitution. (D.E. 42, 44.)

3. On August 5, 2020, the defendant filed a prior Motion to Terminate Probation. (D.E. 54.)  This Court denied the motion at that time but invited the defendant to reapply after another year had passed with no violations. (D.E. 56.)

4. The defendant has now been on probation for approximately two years.

5. Probation has indicated to the Government that the defendant has done well on probation.

6. However, given the fact that the defendant was not sentenced to any time of imprisonment and instead received 5 years of probation (but has only served a little over two years), the Government would object to early termination at this point.

7. The Government recognizes that 18 U.S.C. § § 3564(c) provides this Court with the ability to consider early termination following the completion of a year of probation after "considering the factors set forth in section 3553(a) to the extent that they are applicable . . . , if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. 3564(c) (2019).

8. As the statute notes, such decisions must be balanced by the reasons for the imposition of the length of probation in the first place.  In a case like the defendant's, where he was involved in substantial fraudulent conduct over a lengthy period of time, such considerations are doubly important in order to ensure their reintegration into society and no further violations.

9. In this case, the defendant plead guilty to a conspiracy to defraud Amazon by taking advantage of their liberal return/refund policy. The defendant would order items under different accounts and then claim that they were never received or were damaged to receive replacements. He would not return the original items and used prepaid debit cards to pay for the items so he could not be billed for failure to return the original items, which were not damaged. The fraud extended more than two years and involved approximately 1227 orders and 821 refunds for a loss of $229,391. Given the extent of the fraudulent conduct, a period of incarceration may have been appropriate, but this Court determined that the appropriate sentence was a term of probation. In such cases, where a defendant has received a sentence of probation for the commission of a serious fraud over an extended period of time, involving numerous criminal actions, the defendant should serve that sentence.

10. Finally, while the Government commends the fact that the defendant has paid the restitution and completed his community service hours, the Government does not believe that these special conditions are all there is to his sentence. The Court imposed a 5 year term of probation knowing that the defendant had the means to immediately repay restitution. In doing so, the Court appeared to make a determination that a lengthy term of supervision was necessary for the protection of

the public, to reflect the seriousness of the crime, and to address the need for deterrence.

11. Based on these concerns and the limited amount of time the defendant has served on probation, the Government would object at this time.

THEREFORE, based on the forgoing, the Government would oppose the Defendant's Motion to Terminate Probation.

Respectfully submitted,

JASON R. COODY
Acting United States Attorney

*/s/ Gary Milligan*
Gary Milligan
Assistant United States Attorney
DC Bar No. 484813
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, Florida 32301
(850) 942-8430
Gary.Milligan@usdoj.gov

## CERTIFICATE OF WORD COUNT

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains 843 words. This response was prepared using Microsoft Word 2019 software. In making this certification, I have relied upon the word-count feature of Microsoft Word 2019.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was delivered on August 10th, 2021, to the CM-ECF system of the United States District Court for the Northern District of Florida for electronic delivery to all counsel of record.

>*/s/ Gary Milligan*
>Gary Milligan
>Assistant United States Attorney